**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-21-01917-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Judge Snow recently transferred the present action (the "2021 Action") to this Court due to its similarity with *Stuart v. City of Scottsdale*, 2:17-cv-01848-DJH, which has been pending before this Court since 2017 (the "2017 Action"). (Doc. 34). Another related case, *Stuart v. City of Scottsdale*, 2:20-cv-00755-JAT, is currently on appeal after Judge Teilborg granted judgment in favor of the defendants (the "2020 Action"). (*See id.*) Plaintiff Mark Stuart ("Mr. Stuart") is a named plaintiff in all of these Actions. The significant overlap of the allegations, claims, parties, and defenses in all three Actions raise the serious specter of claim preclusion. For the following reasons, the Court will permit Mr. Stuart to file a second amended complaint in this matter to narrow his allegations and claims.

**I.     Background**

Below is a brief summary of the allegations and procedural history of the 2017 Action, the 2020 Action, and the 2021 Action, respectively.

/ / /

### A. The 2017 Action

In the 2017 Action, Mr. Stuart filed suit against the City of Scottsdale; Former Scottsdale Mayor Lane; Scottsdale City Councilmembers Phillips, Littlefield, Klapp, Milhaven, Korte, and Smith; Scottsdale City Manager Thompson; Former Scottsdale Police Chief Rodbell; Scottsdale Police Commander Hall; Former Scottsdale City Attorney Washburn; Scottsdale City Clerk Jagger; Scottsdale Assistant City Attorney Santaella; Scottsdale Police Officers Cleary, Glenn, Kaufmann, and Stumpf; and Scottsdale Director of Parks and Recreation Pryor. *Stuart*, 2:17-cv-01848-DJH, Doc. 1.

The first amended complaint in the 2017 Action originally alleged nineteen counts for violations of Mr. Stuart's federal and state constitutional and statutory rights, including freedom of speech, freedom of assembly, freedom of association, equal protection, due process, freedom from unlawful seizure and arrest, freedom from excessive force, intentional infliction of emotional distress, negligence, and violations of 42 U.S.C. § 1983. *Id*., Doc. 5. The 2017 Action arises from Mr. Stuart's efforts to sponsor a ballot initiative to prohibit the City of Scottsdale from developing protected public land for commercial use. (the "Initiative"). *Id*. at 5–13. Mr. Stuart's claims are based, in part, on his arrest and prosecution for trespass at a February 7, 2017, Scottsdale City Council meeting. *Id*. at 13–15.[1]

On March 16, 2021, this Court granted the defendants' motion to dismiss the remaining claims in the 2017 Action and entered judgment. *Id*., Docs. 163, 164. Mr. Stuart appealed. *Id*., Doc. 165. In its August 31, 2022, Mandate, the Ninth Circuit affirmed the Court's dismissal with prejudice of all but two counts in the 2017 Action—count two for interference with Mr. Stuart's First Amendment rights when he was wrongfully arrested at a city council meeting on February 7, 2017; and count nine for Mr. Stuart's claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id*., Doc. 170.[2]

---

[1] Plaintiff's claims also arose out a civil citation he received for placing signs on posts in a public park. *Id.,* Doc. 5. All claims and allegations relating to his signage and civil citation have been dismissed by this Court, with prejudice.

[2] The Ninth Circuit affirmed the Court's dismissal of Plaintiff's other § 1983 claims, which included Plaintiff's Fourth Amendment claim that he was subject to an unlawful seizure

Reviewing count two, the Ninth Circuit disagreed with the Court's finding that defendants Lane, Cleary, Glenn, Washburn, and Santaella were entitled to qualified immunity on the wrongful arrest claim because Plaintiff had "plausibly alleged that Lane imposed a restriction on Stuart's speech at the city council meeting that was not reasonable and viewpoint neutral." *Id.*, Doc. 170-1 at 3–4. The allegations thus sufficiently called into question whether it was reasonably arguable that there was probable cause for the arrest. *Id.* Reviewing count nine, the Ninth Circuit disagreed with the Court's finding that Mr. Stuart had failed to sufficiently plead municipal liability for a *Monell* claim. *Id.* at 4–5. The Ninth Circuit found that Mr. Stuart sufficiently alleged defendant Lane had final policymaking authority for the defendant City of Scottsdale and he directed defendants Cleary and Glenn to arrest Mr. Stuart during the city council meeting. *Id.* at 4. The parties are currently in discovery on these two claims.[3]

**B.     The 2020 Action**

In the 2020 Action, Mr. Stuart and his wife, Virginia Stuart ("Mrs. Stuart"), filed suit against the City of Scottsdale; Former Scottsdale Mayor Lane; Scottsdale City Councilmembers Phillips, Littlefield, Whitehead, Klapp, Milhaven, and Korte; Scottsdale City Manager Thompson; Former Scottsdale City Attorney Washburn; Scottsdale Senior Assistant City Attorney Anderson; and Scottsdale City Clerk Jagger. *Stuart*, No. 2:20-cv-00755-JAT, Doc. 1.

---

following the February 2017 City Council Meeting (count one); his Fourth Amendment claim that Defendant Cleary used excessive force in his arrest of Plaintiff (count three); that Plaintiff was denied his First Amendment rights when Defendants ordered him to take down his signs (count four); that Defendants Scottsdale, Lane, Washburn, Santaella, Cleary, Glenn conspired to violate his constitutional rights (count five); that Plaintiff was denied due process under the Fifth and Fourteenth Amendment when Defendants issued his citation (count six); that Plaintiff was denied equal protection under the Fourteenth Amendment when Defendants prosecuted Plaintiff for trespassing based on the content of his speech (count seven); and that a City Council Rule of Procedure was unconstitutional under the First Amendment (count eight). *Id.*, Doc. 170; *see also id.*, Doc. 5. The Ninth Circuit also affirmed the dismissal of Plaintiff's state law claims. *Id.*, Doc. 170 at 2. These claims have therefore been finally adjudicated. As such, Mr. Stuart cannot relitigate any claims and allegations that appear in these seventeen counts in the present action, or any other action.

[3] The remaining defendants in the 2017 Action are the City of Scottsdale, Lane, Cleary, Glenn, Washburn, and Santaella. *Stuart*, 2:17-cv-01848-DJH, Doc. 171.

- 3 -

The complaint in the 2020 Action originally alleged eleven counts for violations of Mr. and Mrs. Stuart's constitutional and statutory rights, including freedom from unlawful seizure, freedom of speech due process, wrongful garnishment, intentional infliction of emotional distress, loss of enjoyment of life, loss of consortium, defamation, invasion of privacy, and violations of 42 U.S.C. § 1983. *Id*. Many of the allegations in the 2020 Action arose from the City of Scottsdale's effort to satisfy a judgment against Mr. Stuart for $30,115.00 from Mr. and Mrs. Stuart's community property. *Id*., Doc. 93 at 4–12. Additionally, Mr. Stuart's First, Fourth, and Fourteenth Amendment claims were based on an injunction against workplace harassment that the City of Scottsdale sought and received against Mr. Stuart "solely based on false affidavits of assistant city attorney Luis Santaella" (the "Injunction"). *Id*. at ¶¶ 139–143.

On August 2, 2020, Judge Teilborg dismissed the complaint for failure to state a claim. *Id*., Doc. 26. Mr. and Mrs. Stuart filed a first and second amended complaint. *Id*., Docs. 27; 93. On August 19, 2021, Judge Teilborg granted in part the defendants' motion for partial summary judgment on the second amended complaint. *Id*., Doc. 119. Judge Teilborg dismissed with prejudice defendants Washburn and Anderson from Mr. and Mrs. Stuart's claims for violation of their free speech rights under the Arizona Constitution, wrongful garnishment, intentional infliction of emotion distress, loss of consortium, defamation, and false light invasion of privacy.[4] *Id*. Furthermore, Judge Teilborg found defendants Lane, Washburn, Anderson, Klapp, Korte, Milhaven, Littlefield, Phillips, and Whitehead were entitled to qualified immunity on Mr. and Mrs. Stuart's claims for violation of their Fourteenth Amendment rights, unlawful seizure, and violation of 42 U.S.C. § 1983.[5] *Id*.

On March 9, 2022, Judge Teilborg ordered a final judgment in favor of the defendants on all remaining claims in the second amended complaint. *Id*., Doc. 151. These

---

[4] These claims were dismissed as alleged under counts five, six, seven, eight, nine, ten, and eleven of the Second Amended Complaint. *Stuart*, No. 2:20-cv-00755-JAT, Doc. 119.

[5] Qualified immunity applied to the claims as alleged under counts one, two, three, and four of the Second Amended Complaint. *Stuart*, No. 2:20-cv-00755-JAT, Doc. 119.

Orders, *inter alia*, are currently on appeal. *Id.*, Docs. 153; 162. The 2020 Action is otherwise closed.

### C. The 2021 Action (the Present Action)

In the present action, Mr. and Mrs. Stuart (collectively "Plaintiffs") filed suit against Defendants City of Scottsdale; Former Scottsdale Mayor Lane; Scottsdale City Councilmembers Littlefield, Whitehead, Milhaven, Caputi, Janik, and Durham; Scottsdale Mayor Ortega; Scottsdale City Manager Thompson; Former Scottsdale City Attorney Washburn; Scottsdale City Attorney Scott; Scottsdale Assistant City Attorney Santaella; Former Scottsdale Police Chief Rodbell; and Scottsdale Police Officers Cleary, Glenn, and Randall (collectively "Defendants"). (Doc. 14 at 11–25). Obviously, many of the named defendants in this case overlap with those named in the 2017 and 2020 Actions.

The present action arises, in part, from Mr. Stuart's efforts to sponsor the Initiative to prohibit the City of Scottsdale from developing protected public land for commercial use. (Doc. 14 at 4–7). Plaintiffs brought the following eight Counts against Defendants in the First Amended Complaint ("FAC") (Doc. 14):

- Count One for violation of Mr. Stuart's Fourteenth Amendment rights under the equal protection and procedural due process clauses (*Id.* at ¶¶ 148–161);

- Count Two for malicious prosecution of Mr. Stuart under federal law (*Id.* at ¶¶ 162–172);

- Count Three for violation of Mr. Stuart's Fourth Amendment rights due to unreasonable seizure of his guns and ammunition (*Id.* at ¶¶ 173–181);

- Count Four is a *Monell* claim (*Id.* at ¶¶ 182–226);

- Count Five for violation of Mr. Stuart's free speech rights under the First Amendment (*Id.* at ¶¶ 227–239);

- Count Six for violation of Mr. Stuart's free speech rights under the Arizona State Constitution (*Id.* at ¶¶ 240–247);

- Count Seven for violation of Mr. Stuart's right to petition and assembly under the Arizona State Constitution (*Id.* at ¶¶ 248–253);

and

- Count Eight for malicious prosecution of Mr. Stuart under Arizona state law (*Id*. at ¶¶ 254–260).

Plaintiffs base Counts One, Two, and Four on Mr. Stuart's arrest and prosecution for trespass at the same February 7, 2017, Scottsdale City Council meeting at issue in the 2017 Action. (*Id*. at 13–16, 22, 24–25, 32–34). Plaintiffs base Counts One, Four, Five, Six, Seven, on the same Injunction at issue in the 2020 Action. (*Id*. at 16–19, 23, 31–32, 37–40).

Defendants have since filed a Motion to Dismiss the FAC in its entirety (Doc. 21).

## II. Claim Preclusion Prohibits Refiling New Claims Already Adjudicated

The intertwinement of allegations, claims, parties, and defenses in all three Actions and those claims already considered on appeal in the 2017 Action raise the serious specter of claim preclusion in the present action. "Claim preclusion 'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action.'" *Robi v. Five Platters, Inc*. 838 F.2d 318, 321–22 (9th Cir. 1988) (*citing Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)) (cleaned up). The doctrine "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)) (cleaned up).

Litigation in the 2017 and 2020 Actions has progressed since Mr. Stuart filed the present matter: the Ninth Circuit has affirmed the dismissal of all but two claims in his 2017 Action and Judge Teilborg has entered a final judgment in favor of many of the same defendants named here in his 2020 Action.[6] Thus, it is difficult for the Court to assess the preclusion and abstention issues raised in the pending Motion to Dismiss (Doc. 21) given these dramatic changes in procedural posture. The Motion addresses claim preclusion only

---

[6] *See Stuart*, 2:17-cv-01848-DJH, Doc. 170 and *Stuart*, No. 2:20-cv-00755-JAT, Doc. 151, respectively.

- 6 -

in part, likely because the Motion was fully briefed before either the Ninth Circuit's August 31, 2022, Mandate or Judge Teilborg's March 9, 2022, Final Judgment.[7] However, it is evident that these judgments have resolved claims arising out of the same events at issue in the present Action.

Upon review of the FAC, many of Mr. Stuart's claims that relate to his efforts to sponsor the Initiative and his subsequent arrest and prosecution for trespass at the February 7, 2017, Scottsdale City Council meeting were dismissed with prejudice in the 2017 Action. (*Compare* Doc. 14 at ¶¶ 149, 163, 187, 191–194 *with Stuart*, 2:17-cv-01848-DJH, Docs. 5 at ¶¶ 81–82, 97, 99, 114, 132–135; 170). Count Six and Seven under the Arizona Constitution appear to be nearly identical to counts ten and thirteen in the 2017 Action. (*Compare* Doc. 14 at ¶¶ 240–253 *with Stuart*, 2:17-cv-01848-DJH, Doc. 5 at ¶¶ 167–171, 183–186). These claims have been dismissed with prejudice and thus are precluded. So, Mr. Stuart may not relitigate them here. Likewise, Mr. Stuart's claims that relate to the Injunction obtained by the Defendant City of Scottsdale were adjudicated in the 2020 Action, and thus also would be precluded. (*Compare* Doc. 14 at ¶¶ 152–154, 205, 231–238, 242–247, 250–253 *with Stuart*, No. 2:20-cv-00755-JAT, Doc. 93 at ¶¶ 139–143).

Furthermore, certain claims in the FAC appear to overlap with the pending claims in the 2017 Action. The *Monell* claim under Count Four is substantially similar to the *Monell* claim under count nine of the 2017 Action. (*Compare* Doc. 14 at ¶¶ 182–226 *with Stuart*, 2:17-cv-01848-DJH, Doc. 5 at ¶¶ 150–166). Though a final judgment has yet to be entered on this claim, Plaintiffs may not litigate the same claim in two cases; this claim should be removed from the present action. Additionally, FAC allegations relating to the Initiative and the February 7, 2017, Scottsdale City Council meeting seem to be redundant of Mr. Stuart's count two for interference with his First Amendment rights in the 2017 Action. (*Compare* Doc. 14 at ¶¶ 149, 187, 163, 191–194 *with Stuart*, 2:17-cv-01848-DJH, Doc. 5 at ¶¶ 90–95). Plaintiffs may not reallege these claims in the present action.

Therefore, to the extent that Mr. Stuart's current claims arise from the same

---

[7] Defendants filed their Reply brief on July 27, 2022 (Doc. 33).

- 7 -

allegations that support his claims in the 2017 and 2020 Actions, they are barred by claim preclusion because they were available to him when he initiated those Actions. He may not raise them again now. Nor may he prosecute the same claims in two pending lawsuits.

### III. Conclusion

In light of the similar allegations, claims, parties, and defenses between the 2017, 2020, and 2021 Actions; the Ninth Circuit's resolution of nearly identical claims asserted in the 2017 Action; the pendency of the two claims being litigated in the 2017 Action; and the recent judgment entered against many of the same defendants in the 2020 Action; the Court will dismiss Plaintiffs' First Amended Complaint (Doc. 14). However, the Court will grant Plaintiffs' request to amend. Plaintiffs shall remove the claims asserted in the FAC that have been adjudicated and are now precluded so that the Court can properly and accurately assess what claims, if any, should remain. To be clear, the Court is not authorizing Plaintiffs to add any new claims or parties. The Court will not look favorably on amendments to claims that have already been litigated and/or adjudicated in the 2017 and 2020 Actions.

Accordingly,

**IT IS ORDERED** that Plaintiffs Mark and Virginia Stuart's First Amended Complaint (Doc. 14) is **DISMISSED**. Plaintiffs may file a second amended complaint by July 28, 2023. If no second amended complaint is filed, the Clerk of Court is kindly directed to terminate this matter without prejudice on July 29, 2023.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 21) is **DENIED** without prejudice, as moot.

Dated this 29th day of June, 2023.

Honorable Diane J. Humetewa
United States District Judge