WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-21-01917-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Plaintiffs Mark Stuart ("Mr. Stuart") and Virginia Stuart (collectively "Plaintiffs") have filed an "Emergency *Ex Parte* Motion for Temporary Restraining Order ("TRO") on the Enforcement of A.R.S. 13-1202(A)(1) Against Mark Stuart While He is Seeking Mental Health Treatment" ("Emergency TRO") (Doc. 49). Plaintiffs request this Court to preemptively restrain various non-party Arizona prosecutors' offices[1] from prosecuting Mr. Stuart under A.R.S. § 13-1202(A)(1). (*Id.* at 14–15). The Court will summarily deny the Emergency TRO as procedurally defective under Federal Rule of Civil Procedure 65(d).

**I.   Background**

Plaintiffs initiated this action against Defendants City of Scottsdale; Former Scottsdale Mayor Lane; Scottsdale City Councilmembers Littlefield, Whitehead, Milhaven, Caputi, Janik, and Durham; Scottsdale Mayor Ortega; Scottsdale City

---

[1] Plaintiffs filed a notice that they served the Emergency TRO on the Maricopa County Prosecutor, Phoenix City Prosecutor, Tempe City Prosecutor, and Scottsdale City Prosecutor. (Doc. 50).

Manager Thompson; Former Scottsdale City Attorney Washburn; Scottsdale City Attorney Scott; Scottsdale Assistant City Attorney Santaella; Former Scottsdale Police Chief Rodbell; and Scottsdale Police Officers Cleary, Glenn, and Randall (collectively "Defendants"). (Doc. 36 at ¶¶ 10–23). Below is an overview of the relevant facts and proceedings in this case that relate to A.R.S. § 13-1202(A)(1).

### A. The Threats Prosecution

In December 2019, Scottsdale City Prosecutor Shawn Fuller brought two criminal charges against Mr. Stuart under A.R.S. § 13-1202(A)(1) for threatening to cause physical injury to the Scottsdale City Mayor and the Scottsdale City Council. (*See* Doc. 36-3, Criminal Complaint, *State of Arizona v. Mark Elliottt Stuart*, No. CR2019024299 (Scottsdale City Ct. Dec. 2, 2019)). Mr. Stuart says he made these statements while undergoing involuntary psychiatric treatment. (Docs. 36 at ¶¶ 64–67, 78–98, 106, 109–113, 143, 160–161, 234–253; 49 at 3–4). The state action was dismissed without prejudice on May 6, 2021. (Doc. 36 at ¶ 69). Plaintiffs allege the dismissal became final on November 7, 2021, due to the applicable statute of limitations. (*Id*. at ¶ 70).

### B. Plaintiffs' First Amended Complaint (Doc. 36).

On July 27, 2023, Plaintiffs filed a Second Amended Complaint (Doc. 36) ("SAC") in the present matter. Count VII of the SAC challenges A.R.S. § 13-1202(A)(1) as unconstitutionally vague under the Fourteenth Amendment. (Doc. 36 ¶¶ 233–244). Count VII of the SAC challenges A.R.S. § 13-1202(A)(1) as unconstitutionally overbroad under the First Amendment. (*Id*. ¶¶ 245–253). For relief, Plaintiffs ask this Court to "[p]ermanently enjoin the enforcement of A.R.S. 13-1202(A)(1) against persons who are speaking in confidence to psychiatric personnel while these persons are seeking psychiatric help." (*Id*. at 42).

### C. Plaintiffs' Rule 5.1 Notice (Doc. 39)

On August 2, 2023, Plaintiffs filed a "Notice of Constitutional Challenge to A.R.S. 13-1202(A)(1) for Violating the First and Fourteenth Amendments" (Doc. 39)

under Rule 5.1.[2] Therein, Plaintiffs represented they served a copy of the SAC to Arizona Attorney General Kris Mayes under Rule 5.1's requirement to "serve [a] notice and paper on . . . the state attorney general if a state statute is questioned. . . ." (*Id.* at 2 citing Fed. R. Civ. P. 5.1).[3]

## II.  Discussion

Plaintiffs seek a Rule 65(b) TRO in the present case against non-party Arizona prosecutors' offices that enjoins them from prosecuting Mr. Stuart under A.R.S. § 13-1202(A)(1). (Doc. 49 at 14). Under Rule 65(d), injunctive relief can only bind "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order . . . ." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (citing Fed. R. Civ. P. 65(d)(2)). "The district court must, therefore, tailor the injunction to affect only those persons over which it has power." *Id.* (citing *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481, (1978)). For example, the United States Supreme Court held in *Zenith Radio Corp. v. Hazeltine Research, Inc.* that it was error for the trial court to enter an injunction against a nonparty without having determined, in a proceeding to which the nonparty was a party, that the nonparty acted in concert with the defendants and received actual notice of the order. 395 U.S. 100, 110–112 (1969) (citing *Hansberry v. Lee*, 311 U.S. 32, 40—41 (1940) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.")).

Here, Plaintiffs seek to enjoin non-parties Phoenix City Prosecutor, Scottsdale City Prosecutor, Tempe City Prosecutor, and Maricopa County Prosecutor from

---

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

[3] Rule 5.1 further outlines the following procedure: "the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Fed. R Civ. P. 5.1. To date, the Arizona Attorney General has not made a notice of appearance to intervene and the time to do so has not yet passed. Nor has this Court certified Plaintiffs' constitutional challenge.

enforcing A.R.S. § 13-1202(A)(1) against Mr. Stuart. (Doc. 49 at 14–15). But Plaintiffs have neither alleged nor made the requisite showing that these non-party prosecutors are in active concert or participation with Defendants with respect to the claims in the SAC.[4] *See Zepeda*, 753 F.2d at 727; *Zenith*, 395 U.S. at 112; *Rogers v. Sisto*, 2008 WL 364144, at *2 (E.D. Cal. Feb. 11, 2008) (citing Fed. R. Civ. P. 65). Therefore, the Court finds Plaintiffs' request for an Emergency TRO is procedurally defective; the Court cannot bind these non-parties.[5] *See Williams v. Waco State Prison*, 2015 WL 7458785, *1 (E.D. Cal. Nov. 24, 2015) ("[A]s a general rule, a court may not enter an injunction against persons not parties to the case before it absent some substantial relationship.") (citing *Zepeda*, 753 F.2d at 727); *Steiniger v. Gerspach*, 2010 WL 2671767, *2 n.1 (D. Ariz. July 1, 2010) (finding the plaintiffs failed to provide any legal or factual basis that would allow the court to enjoin a non-party under Rule 65).

Accordingly,

///

///

///

///

///

///

---

[4] The Court also questions whether the non-parties Plaintiff seeks to enjoin could be proper defendants. "Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. . . Thus, a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 224 Ariz. 481, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010). The prosecutors' offices Plaintiffs seek to enjoin are subparts of the respective cities and the State of Arizona, and therefore are considered non-jural entities. *See e.g., Wilson v. Yavapai Cnty.*, 2012 WL 1067959, at *4 (D. Ariz. 2012) (county sheriff's office and county attorney's office are non-jural entities).

[5] Furthermore, the Court has serious doubts as to whether Plaintiffs have standing for the relief they seek. Where, as here, a plaintiff challenges a statute before its enforcement, "generalized threats of prosecution do not confer constitutional ripeness[.]" *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1154 (9th Cir. 2017).

**IT IS HEREBY ORDERED** that Plaintiffs Mark and Virginia Stuart's Emergency *Ex Parte* Motion for Temporary Restraining Order on the Enforcement of A.R.S. 13-1202(A)(1) Against Mark Stuart While He is Seeking Mental Health Treatment (Doc. 49) is **DENIED**.

Dated this 19th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge