1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Mark E Stuart, et al.,                    No. CV-21-01917-PHX-DJH

10                  Plaintiffs,                 **ORDER**

11   v.

12   City of Scottsdale, et al.,

13                  Defendants.

14

15         This matter is before the Court on the Report and Recommendation ("R&R") issued

16   by United States Magistrate John Z. Boyle on December 14, 2023 (Doc. 53).  The R&R

17   recommends the following rulings:

18         -    The Court should grant Defendants' Motion to Strike (Doc. 41) as to
19              Counts Seven and Eight of Plaintiffs Mark and Virginia Stuart's
                ("Plaintiffs") Second Amended Complaint (Doc. 36) ("SAC"), but
20              deny it as to Counts One–Six;

21         -    The Court should deny Defendants' Motion to Vacate the Order
22              setting the Rule 16 Scheduling Conference (Doc. 41) as moot;

23         -    The Court should order Defendants to answer Counts One–Six of the
24              SAC or file a dispositive motion within fourteen days of the Court's
                ruling on the R&R; and
25

           -    The Court should deny Plaintiffs' request for sanctions.
26

27   (*Id*. at 13).  Judge Boyle advised the parties that they had fourteen days to file objections

28   to the R&R.  (*Id*. at 13–14).  Defendants filed their Objection on December 28, 2023 (Doc.

54).  Having reviewed the R&R *de novo* in light of the Defendants' timely Objection, the Court finds that the R&R should be accepted in all respects.

## I.      Standard of Review

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  Objections are to the R&R, and are not to "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."  *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## II.     Discussion[1]

In their Objection, Defendants argue the Court should strike the SAC in its entirety and order Plaintiffs to file a third amended complaint.  (Doc. 54 at 5).  In opposition, Plaintiffs urge the Court to adopt the R&R.  (Doc. 55).  The Court will first set forth the governing law before turning to the merits of Defendants' Objection.

### A.      Applicable Law

The R&R recommends denial of Defendants' Motion to Strike under Federal Rule of Civil Procedure 12(f), Local Rule of Civil Procedure 7.2(m), and the Court's June 29, 2023, Order (Doc. 35) (the "2023 Order").

#### 1.       Federal Rule of Civil Procedure 12(f) and Local Rule of Civil Procedure 7.2(m)

Rule 12(f) [2] authorizes the Court to "strike from a pleading an insufficient defense

---

[1] Judge Boyle explained the background and status of this case in the R&R (Doc. 52 at 2–6), and the Court need not repeat that information here.

[2] Except where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Moreover, Local Rule 7.2[3] provides that a motion to strike may be filed in only two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when the motion to strike seeks to strike a filing or submission because it is prohibited by statute, rule, or court order. LRCiv. 7.2(m)(1). "The decision to grant or deny a motion to strike is within the court's discretion." *Sunburst Mins., LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

"Motions to strike are a drastic remedy and generally disfavored." *Martinez v. Alltran Fin. LP*, 2019 WL 1777300, at *3 (D. Ariz. Apr. 23, 2019); *see also Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015). "Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527–28 (9th Cir. 1993)); *see also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he court should view the pleading in the light most favorable to the nonmoving party" when ruling on a motion to strike. *Hale v. Norcold Inc.*, 2019 WL 3556882, at *4 (D. Ariz. Aug. 5, 2019) (citing *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

### 2. The Court's 2023 Order (Doc. 35)

In granting Plaintiffs leave to file the present SAC, the Court established specific parameters on the permitted amendment:

/ / /

---

[3] Except where otherwise noted, all Rule references are to the Arizona Local Rules of Civil Procedure.

1
2
3
4
5
6
7
8

> [T]o the extent that Mr. Stuart's current claims arise from the same allegations that support his claims in the 2017 and 2020 Actions,[4] they are barred by claim preclusion because they were available to him when he initiated those Actions. He may not raise them again now. Nor may he prosecute the same claims in two pending lawsuits. . . . Plaintiffs shall remove the claims asserted in the [First Amended Complaint (Doc. 14)] that have been adjudicated and are now precluded so that the Court can properly and accurately assess what claims, if any, should remain. To be clear, the Court is not authorizing Plaintiffs to add any new claims or parties. The Court will not look favorably on amendments to claims that have already been litigated and/or adjudicated in the 2017 and 2020 Actions.

9
10
11
12
13
14

(Doc. 35 at 8). The Court instructed so in caution of the claim preclusion doctrine, which "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id*. at 6 (citing *Robi v. Five Platters, Inc*. 838 F.2d 318, 321–22 (9th Cir. 1988) ("Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action."))

15

### B.   Defendants' Objection (Doc. 54)

16
17
18
19
20
21
22
23
24

Defendants argue the R&R "ignored findings and ruling already made by the Court" in the 2023 Order—namely, "that Plaintiffs (1) were prohibited from adding any new claims to the complaint, and (2) were required to remove all claims and allegations that overlap with previous litigation." (Doc. 56 at 1). Defendants further contend the R&R misconstrued the purpose of their Motion to Strike because they "were not seeking the dismissal of the instant action, arguing the merits of the SAC, or attempting to litigate the merits of its defenses. (Doc. 54 at 3 (citing Doc. 53 at 2, 5, 9)). The Court disagrees and finds that Judge Boyle adequately addressed all of Defendants' arguments and correctly determined that Defendants' Motion to Strike should be denied.

25
26
27

First, the R&R upholds the 2023 Order's prohibition of new claims in the SAC by recommending Counts Seven and Eight be stricken. Judge Boyle indeed emphasized that "Judge Humetewa directed Plaintiff not to add new claims." (Doc. 53 at 13). Upon the

28

---

[4] The 2017 Action refers to *Stuart, et al., v. City of Scottsdale, et al.*, 2:17-cv-01848-DJH and the 2020 Action refers to *Stuart, et al., v. City of Scottsdale, et al.*, 2:20-cv-00755-JAT.

1   Court's further review, Counts Seven and Eight for declaratory judgment and permanent

2   injunctive relief did not originate in the First Amended Complaint, and should therefore be

3   stricken for noncompliance with the 2023 Order.  *See* LRCiv. 7.2(m) (permitting a motion

4   to strike "any part of a filing or submission on the ground that it is prohibited (or not

5   authorized) by a . . . court order").

6          Second, the Court agrees with the R&R's recommendation that Counts One–Six

7   should remain—notwithstanding the risk of claim preclusion—because they include

8   allegations that accrued after the filing of the operative complaints in Plaintiffs' prior

9   actions.  (*See* Doc. 53 at 8–9 (citing *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th

10  Cir. 2017) ("[F]or purposes of federal common law, claim preclusion does not apply to

11  claims that accrue after the filing of the operative complaint.")).  As pointed out by Judge

12  Boyle, it is unclear whether Plaintiff's present claims under Count One accrued after the

13  filing of the operative complaints in the 2017 and 2020 Act.  (Doc. 53 at 9).  Furthermore,

14  Counts Two and Six involve malicious prosecution claims, which do not generally accrue

15  until acquittal of the underlying criminal charges that were at issue in the 2017 and Action.

16  (*Id*. at 10, 12).  Last, Counts Three, Four, and Five include allegations that occurred after

17  the commencement of the 2017 and 2020 Actions.  (*Id*. at 11–12).  These new allegations

18  are intertwined and commingled with allegations that relate to previous litigation.  Thus, it

19  is not proper to strike the claims under Rule 12(f) because to do so would necessarily

20  require a determination that they are barred by claim preclusion without adjudicating on

21  the merits.  *See Ventures Edge Legal PLLC v. GoDaddy.com LLC*, 2017 WL 1075059, at

22  *1 (D. Ariz. Mar. 22, 2017) ("If the court is in doubt as to whether the challenged matter

23  may raise an issue of fact or law, the motion to strike should be denied, leaving an

24  assessment of the sufficiency of the allegations for adjudication on the merits."); *see also*

25  *Whittlestone*, 618 F.3d at 976 ("We hold that Rule 12(f) . . . does not authorize a district

26  court to dismiss a claim for damages on the basis it is precluded as a matter of law.").  Rule

27  12(f) motions are hardly the appropriate vehicle for dismissing claims as precluded by law.

28  *See Whittlestone*, 618 F.3d at 976.  To the extent Defendants wish to argue so, they may

1    file the proper motion.

2        Judge Boyle declined to strike Counts One–Six on the basis that "[a] motion to strike

3 should not be granted unless it is absolutely clear that the matter to be stricken could have

4 no possible bearing on the litigation." (Doc. 53 at 5 (*quoting Ader v. SimonMed Imaging,*

5 *Inc.*, 324 F. Supp. 3d 1045, 1050 (D. Ariz. s2018)).   This Court agrees.   The SAC

6 incorporates new allegations that build on prior events that relate to the 2017 and 2020

7 Actions.   So, it is not "absolutely clear" that all claims in the SAC are precluded.   Having

8 reviewed the entirety of the R&R in light of Defendants objections, the Court finds the

9 R&R and its conclusions are supported by a correct application of the law.   The Court will

10 adopt the R&R and deny Defendants' Motion to Strike.

11        Accordingly,

12        **IT IS ORDERED** that the Report and Recommendation issued by United States

13 Magistrate John Z. Boyle on December 14, 2023, (Doc. 53) is **ACCEPTED** and

14 **ADOPTED** as the Order of this Court.   Defendants' Objection (Doc. 54) is therefore

15 **DENIED**.

16        **IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. 41) is

17 **GRANTED** in part and **DENIED** in part.   Counts Seven and Eight of Plaintiffs Mark and

18 Virginia Stuart's Second Amended Complaint (Doc. 36 at ¶¶ 233–253) are **STRICKEN**.

19 The remaining claims are Counts One–Six (*id.* at ¶¶ 140–232).

20        **IT IS FURTHER ORDERED** that Defendants' Motion to Vacate the Order setting

21 the Rule 16 Scheduling Conference (Doc. 41) is **DENIED** as moot.

22        **IT IS FURTHER ORDERED** that, within fourteen days, Defendants shall answer

23 Counts One–Six or otherwise respond to the SAC.

24 / / /

25 / / /

26 / / /

27        **IT IS FURTHER ORDERED** that Plaintiffs' request for sanctions (Doc. 42 at 11)

28 is **DENIED**.

1    Dated this 12th day of February, 2024.

2

3

4
     _____
     Honorable Diane J. Humetewa
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28